MOORE, J.,
dissents.
hi respectfully dissent. On close review of this record, I cannot agree that a completed taking occurred.
*1043 Unfortunately, Mrs. Veatch could not recall the incident from the time she was struck in the head until some minutes later, when she was receiving treatment from an EMT. Mr. Veatch first saw his wife on the ground, and the assailant, Ms. Smith, planting her knee on Mrs. Veatch’s chest; the assailant was tugging at the purse, but it was pinned under Mrs. Veatch’s shoulder. Mr. Veatch described joining in the struggle, grabbing the purse and pulling one strap as the assailant pulled the other; finally, the assailant released it and fled. He testified, “I didn’t want her to take it.” The other eyewitness, Mr. Cunningham, also testified that the assailant was trying to take the purse; he helped pull her off Mrs. Veatch.
As reprehensible and sordid as this incident was, from the instant record I simply cannot subscribe to the majority’s finding that “Smith took Mrs. Veatch’s purse.”
After pleading guilty to second degree robbery, Ms. Smith elected to testify against her getaway driver, Wiggins. On direct examination, Ms. Smith agreed that her guilty plea involved “taking the purse from an 80-year-old woman.” While the majority elevates this to decisive proof of a completed taking, I do not consider her eonclusory response to a leading question sufficient to supply the essential element of a taking.
I would therefore amend the judgment to a conviction of attempted second degree robbery.